Argued and submitted May 8, affirmed September 2, petitioner's petition for reconsideration filed September 10 allowed by opinion December 16, 1998
See 157 Or App 665 (1998)

In the Matter of the Compensation of
Jim R. Reed, Claimant.

Jim R. REED,
*Petitioner,*

*v.*

LABOR FORCE OF OREGON
and Liberty Northwest Insurance Corporation,
*Respondents.*

(96-06663; CA A98353)

964 P2d 298

James S. Coon argued the cause for petitioner. With him on the brief was Swanson, Thomas & Coon.

Alexander D. Libmann argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warden, Senior Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board in which the Board held that claimant was not entitled to temporary disability compensation for the period from November 1, 1995, to March 12, 1996. We affirm.

The relevant facts are undisputed. In 1994, claimant suffered a compensable lower back injury. The claim was closed in March 1995 with an award of permanent disability. On November 1, 1995, claimant's treating physician, Dr. Gray, filed a notice of an aggravation claim with Liberty Northwest Insurance Corp. (Liberty), employer's workers' compensation insurer. The notice of claim form, which was provided by the Workers' Compensation Division, included a check-the-box section in which the attending physician was asked to state "yes" or "no" about whether time-loss compensation was authorized. Gray did not check either box. Liberty accepted the claim, which remained open at the time of the Board's decision, but did not pay claimant any temporary disability benefits until March 13, 1996. Liberty did not contact Gray at any time to determine whether he would have authorized such benefits earlier.

On April 10, 1996, claimant requested a hearing before an administrative law judge (ALJ), claiming entitlement to temporary disability benefits for the period from November 1, 1995, to March 12, 1996. On April 22, 1996, Gray submitted a medical report in which he stated that he was "authorizing time loss from November 1, 1995 to present, and for another eight weeks, for [claimant] because of his lumbar disc herniation." On December 9, 1996, the ALJ entered an opinion and order in which she concluded that claimant was not entitled to temporary disability benefits for the period from November 1, 1995, to March 12, 1996, because there had been no contemporaneous authorization of those benefits by claimant's treating physician and because any retroactive effect of the April 22, 1996, authorization was limited by statute to the 14-day period before it was issued. The ALJ rejected claimant's argument that Liberty was under a statutory obligation to contact Gray in order to verify claimant's entitlement to time loss. On review, the Board

affirmed the ALJ's order, concluding that there was no statutory requirement that Liberty verify claimant's entitlement to temporary disability. The Board further concluded that an administrative rule that required insurers to verify and document a claimant's entitlement to temporary disability within five days of a notice of claim was invalid. Finally, the Board reasoned that, even if the regulation *were* valid, so that Liberty had violated it when it failed to contact Gray within five days of receiving the notice of claim, claimant still would not be entitled to temporary disability benefits, because the Board would not assume that Gray would have authorized those benefits *at that time*.

Claimant assigns error to the Board's conclusion that Liberty did not have an affirmative obligation to contact Gray within five days of the notice of claim in order to verify claimant's entitlement to temporary disability. Claimant bases his argument on OAR 436-060-0020(6), which provides, in relevant part:

> "The insurer or self-insured employer *shall verify and document temporary disability authorization from the attending physician within five days of the insurer's notice or knowledge of the worker's disability or claim*. Authorization from the attending physician may be oral or written. The insurer * * * may infer authorization from such medical records as a surgery report or hospitalization record that reasonably reflects an inability to work because of the compensable claim, or from a medical report or chart note generated at the time of, and indicating, the worker's inability to work."

(Emphasis added.) Claimant contends that, had Liberty contacted Gray within five days of the notice of claim, as required by the rule, he would have authorized the disability payments. Accordingly, claimant contends that the proper remedy for Liberty's failure to act is to award him those benefits as of the date of the notice of claim.

■ ■ Although claimant's legal arguments may have merit, we cannot, on this record, say that he is entitled to the benefits that he seeks. Even if we were to conclude that the rule was valid and had been violated, and further concluded that Liberty's arguments against retroactive application

were unavailing, claimant is entitled only to those benefits for which there is contemporaneous evidence of entitlement. *See, e.g., SAIF v. Christensen,* 130 Or App 346, 351, 882 P2d 125 (1994), *rev allowed* 320 Or 567 (1995) (even though SAIF acted unreasonably in failing to verify claimant's inability to work, SAIF had no duty to begin paying benefits because there was no medical verification of inability to work). The Board concluded that there was no evidence in the record, apart from Gray's letter, to support claimant's contention that he was disabled in November 1995.[1] In reaching that conclusion, the Board stated:

> "Finally, we disagree with claimant that, if the rule requires verification, it necessarily results in finding that claimant is entitled to temporary disability for the disputed period. In making this argument, claimant relies on Dr. Gray's April 22, 1996 time loss authorization from November 1, 1995. Prior to March 13, 1996 (when insurer began paying temporary disability), the record contains no indication that claimant was less disabled than at claim closure.[2] * * * *Based on the absence of evidence showing disability, we will not assume that Dr. Gray's authorization of time loss in April 1996 necessarily means that he would have provided the same authorization in November 1995.*"

(Emphasis supplied.) Our review of the Board's factual findings is for substantial evidence, ORS 183.482(8)(c), and we cannot say, on this record, that the Board's conclusion was untenable. Claimant presented no evidence, other than Gray's letter, from which the Board could have inferred authorization. Claimant's argument that the Board was *required* to find authorization because there was no contrary evidence is unavailing. The Board was within its authority to reject claimant's interpretation of Gray's letter. To conclude otherwise would be to say that, *as a matter of law,* Gray's letter established claimant's entitlement to temporary disability, and we decline to take that position. Accordingly, we conclude that claimant is not entitled to temporary disability

---

[1] Claimant confirmed at oral argument that Gray's letter was the only evidence in the record to establish entitlement to temporary disability benefits as of November 1, 1995.

[2] It is not clear whether the Board intended to say "*more* disabled than at claim closure," which, in this context, would make more sense.

benefits for the disputed period. *Christensen*, 130 Or App at 351. We do not reach the merits of claimant's other arguments.

Affirmed.